Kevin HEIN, Plaintiff,

v.

KERR–McGEE COAL CORPORATION, Defendant.

No. 90–CV–0031–B.

United States District Court, D. Wyoming.

March 27, 1990.

Order on Motion Feb. 25, 1991.

Harold F. Buck, Cheyenne, WY, for plaintiff.

Carolyn Gregg Hill, Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, OK and Randal R. Arp, Cheyenne, WY, for defendant.

## ORDER ON MOTIONS

BRIMMER, Chief Judge.

This matter comes before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment and plaintiff's motion for partial summary judgment. The Court, having considered the motions and pleadings, having heard the arguments of counsel, and being fully advised in the premises, now FINDS and ORDERS as follows:

### Background

Plaintiff Kevin Hein was employed as an electrician by defendant Kerr McGee Coal Corporation (Kerr McGee) from March 24, 1980, until his termination on May 29, 1987. Kerr McGee terminated Hein for receiving three corrective action notices from his superiors at Kerr McGee within a 365–day period. Hein filed suit alleging wrongful termination.

While Hein was employed with Kerr McGee, the company adopted and distributed an employee handbook. Complaint, Exhibit A. Hein contends he was terminated· in contravention to the terms of the handbook and filed suit against Kerr McGee alleging wrongful termination. Kerr McGee has filed a motion to dismiss or, in the alternative, a motion for summary judgment. Hein has also filed a motion for partial summary judgment.

### Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment

Kerr McGee contends Hein is an at-will employee, subject to termination at any time. Under *Leithead v. American Colloid Co.*, 721 P.2d 1059 (Wyo.1986), employee handbooks which distinguish between permanent and probationary employees and establish grounds for termination, can create an employment contract. If such a contract is created, the employee can only be terminated in accordance with the contract's terms, i.e., for cause. However, Kerr McGee's employee handbook contains a disclaimer provision which explicitly states that the handbook should not be construed as a handbook for employment. Complaint, Exhibit A, at 2. Kerr McGee insists that the disclaimer should be honored and Hein's wrongful termination claim dismissed.

Hein argues that the disclaimer is invalid. Hein contends the disclaimer does not meet the standards set forth in *Jimenez v. Colorado Interstate Gas Co.*, 690 F.Supp. 977 (D.Wyo.1988). Under *Jimenez*, to be effective, a disclaimer must be conspicuous. It is not conspicuous if "[n]othing is capitalized that would give notice of a disclaimer," if the typeface is the same as the surrounding language, or there is no border to set the disclaimer off. *Id.* at 980.

This Court agrees with the determination in *Jimenez* that "[w]hether a disclaimer is conspicuous is a matter of law. No genu-

ine issue of fact exists as to matters such as the disclaimer's location or size, but exists to its effect only." *Id.* (footnote omitted). In the instant case, the Court finds the disclaimer to be conspicuous. There are only two short paragraphs, containing three sentences each, on the page containing the disclaimer. The disclaimer is contained within the second paragraph. The disclaimer is located at the beginning of the handbook on page two under the heading "INTRODUCTION." It is not buried in some later provision where it could easily be missed. Furthermore, material immediately following an introduction is generally important reading as it usually defines the scope of the material being presented. The disclaimer paragraph and the paragraph preceding it are surrounded by a lot of white or empty space. The two paragraphs only take up one-fourth to one-third of the total page. In addition, the only subject of the disclaimer paragraph is the disclaimer. Admittedly the disclaimer is not set off with different typeface, but it is otherwise conspicuous as indicated by the above analysis. Accordingly, the disclaimer is found valid and the defendant's motion to dismiss or for summary judgment is granted.

Since Kerr McGee's disclaimer is valid, no employment contract exists. Hein is an at-will employee subject to termination at any time and for any reason. *Mobil Coal Producing, Inc. v. Parks,* 704 P.2d 702, 704 (Wyo.1985). Accordingly, Hein's cause of action against Kerr McGee must be dismissed and his motion for partial summary judgment stricken as his cause of action is no longer valid.

IT IS, THEREFORE, ORDERED that defendant Kerr McGee's motion to dismiss or, in the alternative, for summary judgment be, and the same hereby is, GRANTED. It is further

ORDERED that plaintiff Hein's cause of action against defendant Kerr McGee be, and the same hereby is, DISMISSED, with prejudice. It is further

ORDERED that plaintiff Hein's motion for partial summary judgment be, and the same hereby is, DENIED as moot.

## ORDER ON MOTION

This matter comes before the Court on plaintiff's motion for reconsideration, to alter or amend judgment under Rule 59, F.R.C.P., or for relief from judgment under Rule 60, F.R.C.P. The Court, having considered the materials on file both in support of and in opposition to the motion, having considered the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

Plaintiff was employed by defendant as an electrician from March 24, 1980 until May 29, 1987, at which time plaintiff claims he was wrongfully terminated. Plaintiff alleges that the terms of the employee handbook issued to him by defendant created an employment contract, which was breached by his termination. On March 27, 1990 this Court granted defendant's motion to dismiss, or in the alternative, for summary judgment, and dismissed this cause of action with prejudice, prompting plaintiff's present motion.

### Discussion

Upon opening defendant's employee handbook, one is confronted with a two-paragraph introduction. The first sentence of the second paragraph states: "This handbook should not be considered as a contract for employment." Complaint, Exhibit A, p. 2. In its March 27, 1990 order dismissing this case, this Court found that this disclaimer was conspicuous, and thus was effective to defeat plaintiff's claim that the handbook somehow created an employment contract. Plaintiff now claims that *McDonald v. Mobil Coal Producing Inc, et al.,* 789 P.2d 866 (Wyo.1990), a decision published nine days after this Court's dismissal order, demonstrates that "a majority of the Wyoming Supreme Court would disagree with this Court's ruling in the present case". Motion for Reconsideration, p. 3. Describing *McDonald* as a "new development in Wyoming employment law", plaintiff asks the Court to grant relief from its March 27, 1990 order

by allowing plaintiff to amend his complaint to "conform to the *McDonald* decision." *Id.*

■ First, there is nothing in *McDonald* which indicates that the decision has any retroactive effect; even if it did, such retroactive application would only apply to pending matters. As this case has been dismissed with prejudice, it is obviously not in a pending posture.

■ Second, plaintiff's contention that "[t]he *McDonald* decision makes it clear that a majority of the Wyoming Supreme Court would disagree with this Court's ruling" is pure conjecture. *McDonald* provides little precedential value, as there is no "majority" opinion. A plurality of two justices remanded on a promissory estoppel basis, without specifically overturning the trial judge's finding that the disclaimer was conspicuous. A third justice filed a special concurrence, agreeing with the remand but disagreeing with the trial judge's finding that the disclaimer was conspicuous. The two remaining justices dissented, arguing that the disclaimer was wholly effective. Such a decision gives no clear guidance to this Court. Furthermore, it is unclear whether *McDonald* "changes" Wyoming employment law in any way, and it therefore will not be relied on as a basis for reopening this case.

THEREFORE it is

ORDERED that plaintiff's motion for reconsideration, to alter or amend judgment under Rule 59, F.R.C.P., or for relief from judgment under Rule 60, F.R.C.P. be, and the same hereby is, DENIED.